## POLHILL *v.* BATTLE *et al.*

A member of a mutual benefit society named as the beneficiaries of a certificate held by him his wife S., and three sisters, in designated proportions. S. died intestate, leaving the insured as her sole heir at law. Subsequently the insured married J., who survived him. After the death of S., the insured made no provision for the disposition of the amount payable to her under the certificate. A law of the society provided that "in the event of the death, before the decease of a member, of one or more of the beneficiaries designated by him, . . if he shall have made no other or further disposition thereof, . . upon his death that part of the benefit made payable to the deceased beneficiary or beneficiaries shall be paid to the surviving beneficiary or surviving beneficiaries equally." *Held*, that upon the death of the insured his three sisters were entitled to take equally the share which would have gone to S. had she lived, and that J. was not entitled to participate in the distribution of the benefit.

Argued October 6,—Decided November 9, 1905.

Interpleader.    Before Judge Holden.    Jefferson superior court. May 10, 1905.

*Phillips & Phillips* and *James K. Hines,* for plaintiff in error.

*R. L. Gamble* and *J. M. Pace,* contra.

CANDLER, J.    The Supreme Council Royal Arcanum filed, in the superior court of Jefferson county, a petition for interpleader, the object of which was to have adjudicated conflicting claims to a sum of money due by it on a benefit certificate issued to John Joseph Polhill, deceased.    The case was decided by the judge, without a jury, on an agreed statement of facts, from which it appeared that the certificate was issued on January 19, 1901, and bound the Supreme Council Royal Arcanum (which for convenience will be called the insurance order), upon satisfactory evidence of the death of the insured and upon the compliance with certain stipulated conditions, to pay out of its "widow's and orphan's benefit fund," to Sarah Polhill, wife of the insured, three sixths; and to Julia Battle, Ella Douglas, and Cornelia Polhill, sisters of the insured, each one sixth, of an amount not exceeding three thousand dollars.    Sarah

.Polhill died, and the insured subsequently married Josie Polhill, who, together with the three sisters named as beneficiaries of the certificate, survived him. Josie Polhill was never designated by the insured as a beneficiary under the certificate issued by the insurance order. Numerous by-laws of the order were set out in the statement of facts, but many of these have no material bearing on the question at issue. It was provided that "each applicant [for a benefit certificate] shall enter upon his application the name or names, residence, and relationship or the dependence of the person or persons . . to whom he desires his benefit paid, and the same shall be entered in the benefit certificate according to said direction." It was also provided that benefits might be made payable to any one or more persons of certain classes only, which it is not necessary to enumerate here. We quote from the laws of the order the following: "Sec. 330. If at the time of the death of a member, if the designated beneficiary is his wife, and they shall be divorced upon the application of either party, or if any designation shall fail for illegality or otherwise, then the benefit shall be payable to the person or persons mentioned in Class First, Sec. No. 324, if living, in the shares and order of precedence by grades as therein enumerated, the persons living of each precedent grade taking in equal shares per capita, to the exclusion of all persons living of subsequently enumerated grades. Sec. 331. In the event of the death, before the decease of a member, of one or more of the beneficiaries designated by him in accordance with the laws of the order, if he shall have made no other or further disposition thereof as provided in the laws of the order, upon his death that part of the benefit made payable to the deceased beneficiary or beneficiaries shall be paid to the surviving beneficiary or the surviving beneficiaries equally." It was also agreed that "One of the objects of the Supreme Council Royal Arcanum, as declared in its constitution, is 'to establish a widow's and orphan's fund, from which, on the satisfactory evidence of the death of a member of the order who has complied with all its lawful requirements, a sum not exceeding three thousand dollars shall be paid to the wife, children, relatives of, or persons dependent upon said member, as limited and described in said order relating to benefit certificates, as he may direct in accordance with said laws.'" Upon this statement of facts, the judge, after hearing argument, ruled that the three sisters of the

deceased, as surviving beneficiaries, were entitled to that part of the fund made payable by the certificate to Sarah Polhill, the deceased wife of the insured, and that Josie Polhill, his wife at the time of his death, was not entitled to any portion of the amount due by the certificate.  Josie Polhill excepted.

Great stress is laid by counsel for the plaintiff in error upon the favor shown by the law to widows, and upon the fact that one of the prime objects of the beneficial order in the present case was to provide a fund for the protection and relief of widows and orphans; and it is urged that although there was no designation of Mrs. Josie Polhill as a beneficiary of the certificate, she should, in view of the spirit of the law, both of the State and of the order, be held to be entitled to the amount due on the death of the insured. It will be observed, however, that the widow's and orphan's fund was expressly declared to be for the benefit of the surviving wife, children, relatives, or dependents of the insured, according to his preference.   While a certain order of precedence was established for guidance in the event of non-designation or failure of designation, there was no restriction upon the member as to which of his relatives or dependents might be named as beneficiaries.   So far as the purposes of the order are concerned, the sisters of a member occupied as favored a position as his surviving wife.   To arrive at a proper determination of this case, therefore, we must get away from the idea that as between the different claimants for this fund there are any favorites of the law, and consider solely the rights of the parties as defined by the benefit certificate and the laws of the insurance order.   Provision was made for a method by which the holder of a benefit certificate might change the person designated by him as a beneficiary.   This method was not pursued in this case. By section 330 it was provided that where the designated beneficiary is the wife of the member and they shall be divorced, or if any designation shall fail for illegality *or otherwise,* the benefit shall be payable in a described manner; and it is contended by counsel for the plaintiff in error that the words emphasized are broad enough to include the present case.  A careful reading of the section in question, however, leads to the belief that this section was intended to apply only where the member's wife is the sole beneficiary named; for any other construction would give rise to a hopeless conflict between that section and the succeeding one, which seems to have been

framed especially to meet just such a case as the present one. Certainly the specific language of section 331 should prevail over the vague and general term "or otherwise" contained in section 330. We do not lose sight of the principle invoked by counsel for the plaintiff in error, that the rules of benefit societies should be construed liberally to effect their beneficent purposes; but we must decline to go to the length of construing out of existence a section of the laws of the benefit society which absolutely controls the present case. There was no error in the ruling of the trial judge.

*Judgment affirmed. All the Justices concur.*